Mr. Justice Mac Arthur
delivered the opinion of the court:
In this case the bill is filed for the purpose of enjoining the District of Columbia perpetually from enforcing the collection of a tax on a lot of land which is described in the complaint.
It appears from the bill that the complainant purchased this property at a trustee’s sale under an advertisement for that purpose, upon an agreement that all taxes in arrears should be paid in full, and that he should take the property free and clear of all tax liens. That the complainant instructed his counsel to examine the title, who went to the collector of taxes and was informed by that officer that the taxes of 1874 and 1875 were the only taxes in arrears. These taxes were paid out of the purchase-money, and he then took a conveyance from the trustees and entered into possession of the property in October, 1875. That the complainant made the purchase upon the strength of the information *40 which his counsel had acquired from the collector of taxes, and that he would not have purchased without deducting all unpaid taxes.
In 1877 he received a notice from Mr. Spaulding, the defendant, that he held a tax-title to his property for the taxes of 1872 and 1873.
It appears that Spaulding got a tax certificate from the Commissioners, in virtue of powrers which they conceived themselves to be clothed with under the act of the legislative assembly of August, 1871, and that the taxes of 1872 and 1873 not having been paid, he made application to the collector to make the sale provided for in that act, which was done, and that gave him a certificate of sale, which entitled him at the expiration of a year to a conveyance. He took this conveyance and served this notice upon King that he held this tax-title, and called upon him to redeem the land. Then King filed his bill setting up all these facts, and praying that an iujunction be issued.
We do not intend to dispose of all thé points that were discussed at the bar in this case, but only to allude to such points, as all the judges who heard the case are agreed upon ; my brothers Wylie and Hagner reserving their views upon the points not decided.
The Revised Statutes for the District of Columbia, section 175, contain a provision requiring the collector of taxes, when he makes a tax sale, to report it to the recorder of deeds of the District of Columbia, and by him it is to be recorded among the land records. That was not done in the present ease, and it is said therefore, that the District of Columbia are estopped by their own negligence and fault in not complying with that law. That provision is in the revision, but it has been in existence, ever since 1819.
The complainant says he is not bound by the sale to defendant, as the District was required to enter upon record this evidence of his title. The District reply that the act of the legislative assembly of August, 1871, already referred to, requires the collector to report the sale to the comptroller, and .the report is to be filed in the office of the comptroller, *41 and that this supersedes the act of Congress requiring the report to be made and recorded in the recorder’s office.
An inspection of the act of 1871, passed by the legislative assembly, discloses the fact beyond all doubt that the comptroller was designed to be simply the financial officer of the government of the District, and for this purpose the collector is required to report and pay over to the treasurer, daily, all receipts for taxes, taking from the treasurer duplicate receipts, one of which he retains in his own. office, and the other he is to transmit to the comptroller. All sales of property for taxes, all assessments for taxes, and all appropriations and expenditures of money are to be filed in the comptroller’s office, so that it appears to be the financial centre of the government. The object of all this was that the comptroller might be a check upon and call all other officers to accountability. But we.can see that the legislative assembly never intended by these requirements to make the comptroller’s office a record of laud titles, which should be not only actual but constructive notice to the world.
We are of opinion that the act of the legislative assembly did not supersede the act of Congress upon this point. The object of requiring this report to be made to the recorder, and requiring a record thereof to be made among the land titles of the District, is very obvious. It was to give the world notice of sales of lands for unpaid taxes.
We may concede that the District is not estopped by any declaration or representation made by the collector in regard to unpaid taxes. There is no law compelling him, or making it his duty to give information upon this point. Where, then, are parties to get the necessary information in regard to sales of property for delinquent taxes. There is no officer to whom they can resort for that purpose ; and hence the wisdom of this provision in the Kevised Statutes requiring the District authorities to make record of these sales wheré all other conveyances are recorded. We, therefore, come to the conclusion that the District is estopped by its own fault.
Now, Mr. King states, and there is no doubt of the fact, that he purchased this property and paid its full value with *42 out any deduction for the taxes of 1872 and 1873. Hehad no actual notice of the tax sale, and no record having been made, he had no constructive notice. He, therefore, occupies the position of a purchaser without any notice ; and he is in that position because the District has failed to make the record required by the statute.
It is said he ought to make a tender of the tax which i9 absolutely due.
In the first place, he has paid the full value of the property, so that on the mere ground of equity the District cannot call upon him to pay it over again. And the effect of requiring a tender in such a case as this would destroy not only his equity, but his remedy. He does not deny the tax, hut it was not due from him, and never was due from him. It is not a case where the owner of the property files a bill to set aside a tax because it is illegal, and where he ought to pay what is due before he can ask for any relief from paying w7hat is not justly due. This is the case of a purchaser who stands without any privity to this tax, except that he has paid in full for the land itself.
So far as King is concerned, the District is estopped, and we think he is entitled to pursue this remedy without making any tender in the first place. There must be, as to the plaintiff', a perpetual injunction against the collection of the tax upon this property for the years 1872 and 1873.